UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CEDRIC FLOYD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-6414** |
| **CITY OF KENNER, ET AL** | **SECTION T(4)** |

**ORDER AND REASONS**

Before the Court is a Motion for Rule 7(a) Reply (Rec. Doc. No. 21) filed on behalf of Nick A. Congemi, Former Chief of Police for the City of Kenner, Steve Caraway, Chief of Police for the City of Kenner, Detective Michael Cunningham and Cliff Deroche (hereinafter, collectively Defendants). Cedric Floyd (hereinafter, Plaintiff) filed an Opposition to Defendants' Motion. Rec. Doc. 29. The matter came for hearing on August 15, 2007 and was submitted on the briefs without Oral Argument. The Court, having considered the arguments of the parties, the Court record, the law and applicable jurisprudence, is fully advised in the premises and ready to rule.

**I. BACKGROUND**

This action arises out of Plaintiff's handling of supplies after Hurricane Katrina. Plaintiff's Complaint alleges that he was appointed by former Kenner Mayor, Philip L. Capitano, to be the manager of a food and supply distribution center and was responsible for distributing food and supplies to Hurricane Katrina victims. Rec. Doc. 1 at ¶ 5. On September 12, 2005, the Pastor of the New Hope Community Church arrived at the distribution center seeking help for his church and others in the surrounding area. Rec. Doc. 1 at ¶ 6. Because the pastor and his congregation were displaced, Plaintiff submits that arrangements were made for additional supplies to be distributed to the church as they were made available to the distribution center. Rec. Doc. 1 at ¶ 6. Plaintiff took items slated for the church to his home in Kenner, which was only six blocks from the church

1

location.  Rec. Doc. 1 at ¶ 10.

On September 19, 2005, a National Guardsman and a Kenner Police Officer, under the guise of checking Plaintiff's activated burglar alarm, entered Plaintiff's property and saw the items slated for the church.  Rec. Doc. 1 at ¶¶ 13, 14.  In addition to seeing the items in Plaintiff's home, Plaintiff submits that these officers also unlawfully searched his shed.  Rec. Doc. 1 at ¶ 15.  On September 20, 2005, a search warrant was issued allowing the Kenner Police Department to search Plaintiff's home and the search was conducted.  Rec. Doc. 1 at ¶ 16.  Shortly thereafter, a warrant was issued for Plaintiff's arrest for malfeasance in office and Plaintiff was arrested.  Rec. Doc. 1 at ¶ 17.  Plaintiff was never formally charged by the Jefferson Parish District Attorney.  Rec. Doc. 1 at ¶ 22.

Plaintiff filed the instant action claiming that all the Defendants acted under the "color of state law" and "unlawfully pursued a policy or practice of depriving plaintiff of his constitutional and statutory rights." Rec. Doc. 1 at ¶ 26.  Specifically, Plaintiff claims that the Defendants violated 42 U.S.C. § 1983, the First, Fourth, and Fourteenth Amendment and LSA-CC art. 2315 by orchestrating and participating in: (1) filing a false complaint of illegal activities against him; (2) illegally entering his property; (3) illegally and unlawfully searching his property; (4) falsely arresting plaintiff when he was acting under the authority given to him by former Mayor Capitano; (5) causing him to suffer severe emotional distress; and (6) defamation.  Rec. Doc. 1 at ¶ ¶ 27-33.  Plaintiff also alleges that Nick Congemi (former Kenner Chief of Police) and the City of Kenner are liable for the negligent hiring, training, supervision and retention of "defendants".  Rec. Doc. 1 at ¶ 34.

Defendants filed responsive pleadings and moved for a Rule 7(a) reply arguing they have pled the defense of qualified immunity and therefore, Plaintiff must now come forward with detailed

allegations to raise a genuine issue as to the illegality of each of the Defendants' conduct at the time of the alleged acts. Rec. Doc. 21 at pp. 20-21. Plaintiff concedes that FRCP 7(a) recognizes the authority of the court to order a plaintiff to file a reply to an answer in those circumstances where a defendant, sued in his or her individual capacity, has filed an answer asserting qualified immunity. Rec. Doc. 29 at p. 1. However, he argues that his Complaint is sufficient for the Defendants to assess the validity of any qualified immunity defense. Rec. Doc. 29 at p. 2.

## II.    LAW AND ANALYSIS

When a public official pleads the affirmative defense of qualified immunity in his answer, the district court may, on the official's motion or on its own, require the plaintiff to reply to that defense in detail. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir. 1995). Such a reply "must be tailored to the assertion of qualified immunity and fairly engage its allegations." *Schultea*, 47 F. 3d at 1433.

Fifth Circuit jurisprudence sets out a two-step procedure to assess if a Complaint meets the FRCP 7(a) pleading standards. First, the district court "must insist that a plaintiff suing a public official under section 1983 file a short and plain statement of his complaint, a statement that rests on more than conclusions alone." *Schultea,* 47 F. 3d at 1433, 1434. Second, "the court may, in its discretion, insist that a plaintiff file a reply tailored to an answer pleading the defense of qualified immunity." *Schultea,* 47 F. 3d at 1434. "Vindicating the immunity doctrine will ordinarily require such a reply, and a district court's discretion not to do so is narrow indeed when greater detail might assist." *Id.* The *Schultea* two-step rule requires allegations of fact focusing specifically on the "**conduct of the individual whom the plaintiff alleges caused the injury**." *Reyes v. Sazan*, 168 F.3d 158, 161 (5th Cir. 1999)(emphasis added). The *Shultea* rule has been held to apply in "all civil

3

rights action where the defense of qualified immunity is asserted." *Todd v. Hawk*, 72 F.3d 443, 445, n. 7 (5th Cir. 1995)

Plaintiff's Complaint brings claims against Defendants under state and federal law, including several allegations under 42 U.S.C. § 1983, *et seq*. Defendants have filed responsive pleadings asserting the defense of qualified immunity. Because the Court has minimal discretion and the Plaintiff's Complaint is overly general in its detail, a Rule 7(a) or *Shultea* Reply would provide "greater detail" and assist the Court in deciding whether qualified immunity is proper given the specific facts and allegations raised in Plaintiff's Complaint.[1]

*Shultea* is limited to cases where a public official is asserting qualified immunity as a defense for an alleged civil rights violation. *Todd v. Hawk*, 72 F.3d at 445 n.7. Accordingly, Plaintiff shall only provide a Rule 7(a) reply aimed at the civil rights claims under sections 1983, 1985 and 1986. As to those allegations, Plaintiff is ordered to submit a reply with detailed and specific allegations of fact focusing on the conduct of each individual whom the Plaintiff alleges violated his rights. The reply shall address, at a minimum, the following:

(1)  As to the claim for false arrest, Plaintiff shall state facts demonstrating how and why each of the individual defendants are liable for false arrest and why the individuals would not be entitled to qualified immunity on any false arrest claim;

(2)  As to the illegal and unlawful search and illegal and unlawful entry onto his property, Plaintiff shall state with specificity how the individual defendants can be held liable for their alleged actions and state why the defense of qualified immunity would not shield the defendants from liability in this matter;

---

[1] Plaintiff alleges in his Opposition that he should not have to conform to the *Shultea* requirements because he was not represented by Counsel when he filed the Complaint. Because *Pro Se* pleadings are judged by less strenuous standards, Plaintiff argues that a *Schultea* reply is not necessary. Rec. Doc. 29 at p. 2. This argument is without merit. As noted in Defendants' reply memorandum, the plaintiff in the *Shultea* case also filed his complaint *pro se* and the Fifth Circuit took no issue with a Rule 7(a) reply being ordered. *See Shultea v. Wood*, 49 F.3d at 1429. Further, Plaintiff now has the benefit of counsel to assist him in filing his Rule 7(a) reply.

(3) Plaintiff shall provide in his reply specific factual allegations regarding how and why the conduct of the defendants named herein violated section 1985 or section 1986 and why the defendants are not entitled to qualified immunity for their alleged actions; and

(4) As to Plaintiff's allegations that the Defendants violated his First, Fourth and Fourteenth Amendment rights, Plaintiff is to allege how each individual defendant violated those rights and why each defendant would not be entitled to immunity for any such alleged violation.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for a Rule 7(a) Reply is **GRANTED**. Plaintiff is granted sixty days to file the Rule 7(a) reply as laid out in this Order.

New Orleans, Louisiana this 19th day of October, 2007.

_____
**G. THOMAS PORTEOUS, JR.**
**UNITED STATES DISTRICT JUDGE**