UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CEDRIC FLOYD                                    CIVIL ACTION

VERSUS                                          NO: 06-6414

CITY OF KENNER, ET AL                           SECTION: J(5)

**ORDER AND REASONS**

Before the Court is Defendants Nick A. Congemi, Steve
Caraway, Detective Michael Cunningham, and Cliff Deroche's (the
"Kenner Defendants") **Motion to Dismiss (Rec. Doc. 43)**; the Kenner
Defendants' **Motion to Appeal Magistrate's Ruling (Rec. Doc. 47)**;
the Kenner Defendants and the City of Kenner's **Motion to Dismiss
Plaintiff's State Law Claims (Rec. Doc. 51)**; Plaintiff's **Motion
for Contempt of Court (Rec. Doc. 59)**; and the Kenner Defendants'
**Motion to Appeal Magistrate's Ruling (Rec. Doc. 65)**.

These motions, which are opposed, were set for hearing on
April 16, 2008 on the briefs.  Upon review of the record, the
memoranda of counsel, and the applicable law, this Court now
finds, for the reasons set forth below, that the Kenner
Defendants' Motion to Dismiss (Rec. Doc. 43) should be granted,
and the remaining motions denied.

## Background Facts

This action arises out of Plaintiff's handling of supplies after Hurricane Katrina.  Plaintiff's Complaint alleges that he was appointed by former Kenner Mayor, Philip L. Capitano, to be the manager of a food and supply distribution center and was responsible for distributing food and supplies to Hurricane Katrina victims.  On September 12, 2005, the Pastor of the New Hope Community Church arrived at the distribution center seeking help for his church and others in the surrounding area. Because the pastor and his congregation were displaced, Plaintiff states that arrangements were made for additional supplies to be distributed to the church as they were made available to the distribution center.  Plaintiff took items slated for the church to his home in Kenner, which was only six blocks from the church location.

On September 19, 2005, a National Guardsman and a Kenner Police Officer, under the guise of checking Plaintiff's activated burglar alarm, entered Plaintiff's property and saw the items intended for the church.  In addition to seeing the items in Plaintiff's home, Plaintiff submits that these officers also unlawfully searched his shed.

On September 20, 2005, a search warrant was issued allowing the Kenner Police Department to search Plaintiff's home and the search was conducted.  Shortly thereafter, a warrant was issued

2

for Plaintiff's arrest for malfeasance in office and Plaintiff was arrested.  Plaintiff, however, was never formally charged by the Jefferson Parish District Attorney.

Plaintiff filed the instant action[1] claiming that all the Defendants acted under the "color of state law" and "unlawfully pursued a policy or practice of depriving plaintiff of his constitutional and statutory rights."  Specifically, Plaintiff claims that Defendants violated 42 U.S.C. § 1983, the First, Fourth, and Fourteenth Amendment, and Louisiana Civil Code article 2315 by orchestrating and participating in: (1) filing a false complaint of illegal activities against him; (2) illegally entering his property; (3) illegally and unlawfully searching his property; (4) falsely arresting Plaintiff when he was acting under the authority given to him by former Mayor Capitano; (5) causing him to suffer severe emotional distress; and (6) defamation.  Plaintiff also alleges that Nick Congemi (former Kenner Chief of Police) and the City of Kenner are liable for the negligent hiring, training, supervision, and retention of

_____

[1]  Plaintiff filed suit against the City of Kenner; Nick Congemi, the former Chief of Police for the city of Kenner, in both his individual and official capacities; Steve Caraway, Chief of Police for the city of Kenner, in both his individual and official capacities; Michael Cunningham, a detective employed with the Kenner Police Department, in both his individual and official capacities; and Cliff Deroche, a police officer employed with the Kenner Police Department, in both his individual and official capacities.  Other defendants were named, but where subsequently dismissed from the suit.

"defendants."

As such, Plaintiff's Complaint brings claims against Defendants under state and federal law, including several allegations under 42 U.S.C. § 1983, et seq.  Defendants filed responsive pleadings asserting the defense of qualified immunity and subsequently filed a Motion for a Rule 7(a) Reply (Rec. Doc. 21).  The Court, as it has discretion to do so, and based on the fact that Plaintiff's Complaint was considered to be overly general in its detail, granted the motion on October 19, 2007, finding that a Rule 7(a) or Shultea Reply would provide "greater detail" and assist the Court in deciding whether qualified immunity is proper given the specific facts and allegations raised in Plaintiff's Complaint.  Plaintiff filed his Rule 7(a) Reply on December 18, 2007.

Sometime thereafter, Plaintiff noticed several depositions and submitted interrogatories to the Kenner Defendants, prompting these Defendants to file a Motion to Quash Depositions and for a Protective Order (Rec. Doc. 38).  According to the Kenner Defendants, because they filed an Answer raising a plea of qualified immunity on behalf of the individual law enforcement officers for Plaintiff's alleged federal constitutional violations, "discovery should not be allowed" until the "threshold immunity question is resolved."  Siegert v. Gilley, 500 U.S. 226, 231 (1991); see also Wicks v. Miss. St. Emp. Svcs.,

4

41 F.3d 991 (5th Cir. 1995).  The Magistrate denied the Kenner Defendants' motion on February 13, 2008, ordering them to formally respond to Plaintiff's outstanding discovery requests within two weeks.  See Rec. Doc. 45.  Included in that order was a notice that if the Kenner Defendants filed a motion to dismiss based on qualified immunity within that time frame, they could move for reconsideration of the Magistrate's order.

The very next day, the Kenner Defendants filed their motion to dismiss.  See Rec. Doc. 43.  Shortly thereafter, the Kenner Defendants filed a motion for an appeal of the Magistrate's Order with the District Judge, as well as a Motion for Reconsideration of the same order with the Magistrate.  The Magistrate heard oral argument on the Motion for Reconsideration, ordering that if the Kenner Defendants' motion to dismiss is decided against them, they are to formally respond to Plaintiff's outstanding discovery requests within ten days thereafter, unless they appeal the ruling on the motion to dismiss within that time frame.

Therefore, the time for ruling on the Kenner Defendants' Motion to Dismiss, setting forth the defense of qualified immunity, is now ripe.

## The Parties' Arguments

The Kenner Defendants move for an Order dismissing Plaintiff's claims against them brought pursuant to 42 U.S.C. § 1983, § 1985, and § 1986 based on the plea of qualified immunity.

Additionally, and for the same reason, the Kenner Defendants and
the City of Kenner move for a dismissal of Plaintiff's state law
claims.[2]

The Kenner Defendants argue that even when Plaintiff's
original complaint, which contains "only vague and general
references to what any of the Kenner Defendants allegedly did to
violate the Plaintiff's rights," is combined with Plaintiff's
Rule 7(a) Reply, Plaintiff has failed to plead his case with
particularity, alleging merely conclusions, contrary to the
pleading requirements set forth in Schultea v. Wood.  47 F.3d
1427, 1433-34 (5th Cir. 1995).

In opposition, Plaintiff argues that the defense of
qualified immunity is not available to the Kenner Defendants or
to the City of Kenner.  As to the City of Kenner, Plaintiff

---

[2]  The Kenner Defendants also seek the dismissal of
Plaintiff's state law claims based upon the absolute immunity
conferred by La. Rev. Stat. 29:735(A) which provides that:

> Neither the state nor any political subdivision
> thereof, nor other agencies, nor except in cases of
> willful misconduct, the agents' employees or
> representatives of any of them engaged in any homeland
> security and emergency preparedness activities, while
> complying with or attempting to comply with this
> chapter or any rule or regulation promulgated pursuant
> to the provisions of this chapter shall be liable for
> the death of or any injury to persons, or damage to
> property, as a result of such activity.

Defendants argue that such immunity for injury and damage
resulting from their "emergency preparedness activities" is
absolute and without exception.

argues that its liability is direct as a local governmental entity under Monell v. Department of Social Services, and it enjoys no immunity from civil suit under Section 1983.  436 U.S. 658 (1978).

And as for the Kenner Defendants, they, according to Plaintiffs, likewise enjoy no immunity.  Plaintiff bases his argument on allegations that Congemi directed and participated with officers Cunningham and Deroche in pursuing an illegal search and arrest of Plaintiff by fabricating facts and withholding information from the commissioner in Jefferson Parish who signed the search warrant and arrest warrant.

Specifically, Plaintiff notes, among other things, that the applications for the search and arrest warrants, sworn to by Kenner Police Det. Cunningham,

> purposefully left out the fact that Cunningham, and/or other Kenner Police Department officers, was [sic] present at the center on each day of its operation and had never observed nor complained about any theft or malfeasance in the operations of the relief center for the two weeks [Plaintiff] managed the place; referred to the relief center as being operated by plaintiff on September 19, 2005 (which it was not); and contained sworn allegations that plaintiff was observed going into trucks having merchandise and removing it on that day when, in fact, plaintiff was in a distant city the entire day."

Plaintiff also states that "Defendant Deroche participated in a scheme to conceal and justify a trespass on to plaintiff's property in order to help obtain the initial search warrant by making the facts of either his or National Guardsmen surveillance

7

of plaintiff's home a guise for obtaining a search warrant."
Additionally, "that the National Guardsmen, according to the
affidavit of Cunningham, observed 'Tarps' in the backyard is no
indication that they were contraband or stolen property or that
anyone complained of a theft or malfeasance at the time of the
alleged trespass on the property of the plaintiff."

In response, Defendants argue that while Plaintiff alleges
in conclusory terms in his Rule 7(a) Reply that Det. Cunningham
submitted an affidavit (to support the arrest warrant) that he
knew to be false, Plaintiff only provides the Court with a single
"factual" statement to support this general allegation.[3]  The
affidavit was based on what Det. Cunningham observed and what he
was told by national guardsmen who observed certain conduct by
Plaintiff.  And despite what Plaintiff represents, nowhere does
the affidavit state that the guardsmen told Det. Cunningham that
what they observed about Plaintiff's conduct actually took place
on September 19, 2005.  This was simply the date the Kenner
Police Department received the complaint from the members of the
Missouri National Guard.  As a result, according to Defendants,

---

[3]  Plaintiff represents that Det. Cunningham's affidavit was
knowingly false because it stated that Plaintiff was present at
the distribution center on Williams Boulevard on September 19,
2005, and that Plaintiff was observed on the same date removing
relief supplies and the tarps that were later found at his home.
Plaintiff claims that Det. Cunningham had to have known that this
statement in his affidavit was false since the distribution
center at Williams Boulevard was relocated before September 19,
2005.

there was clearly sufficient probable cause to arrest Plaintiff based upon the complaints of the national guardsmen.

Furthermore, additional evidence in the form of observations by Sgt. James Dent of the Missouri National Guard and Kenner officer Deroche at Plaintiff's personal residence, including observations of tarps that appeared to have been misappropriated from the distribution center that were in "plain view," add further support.  According to the Kenner Defendants, then, it was not unreasonable to suspect that Plaintiff's home might contain additional misappropriated relief items.  Therefore, according to the Kenner Defendants, Plaintiff has failed to provide any allegations of fact that would support a claim that his rights were violated under the conditions that existed on September 19, 2005.

## Discussion

As set forth by the Supreme Court in <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955 (2007), the standard to be applied when deciding a Rule 12(b)(6) motion is not whether it is conceivable that some set of facts could be developed to support the allegations in the complaint, but rather whether the plaintiffs have stated enough facts in the complaint to allow a court to conclude that it is "plausible" that the plaintiffs are entitled to relief.  The Court must accept as true all well-plead allegations and resolve all doubts in favor of the plaintiff.

<u>Tanglewood East Homeowners v. Charles-Thomas, Inc.</u>, 849 F.2d 1568, 1572 (5th Cir. 1988).

**A.    The Law on Qualified Immunity**

Generally, government officials are shielded from liability for civil damages when performing discretionary functions unless their conduct clearly violates established statutory or constitutional rights of the plaintiff judged by a reasonableness standard.  <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818 (1982).  As a threshold inquiry, the Court must determine if the allegations of the complaint clearly establish a violation of the plaintiff's constitutional rights.  <u>Hope v. Pelzer</u>, 536 U.S. 730, 736 (2002). Questions of immunity should be settled by the Court at the earliest possible stage of the litigation, and the Court must determine whether defendants acted reasonably under the circumstances and under the most current settled law.  <u>Hunter v. Bryan</u>, 502 U.S. 224, 227-28 (1991).

"Once raised, the plaintiff has the burden to rebut the qualified immunity defense 'by establishing that the official's allegedly wrongful conduct violated clearly established law.'" <u>Estate of Davis v. City of North Richland Hills</u>, 406 F.3d 375, 380 (5th Cir. 2005).  In deciding whether qualified immunity should apply to a defendant, the Court must determine: (1) whether Plaintiff alleged a violation of a clearly established constitutional right; and (2) whether the allegedly violated

10

constitutional right was clearly established at the time of the incident; and, if so, whether the conduct of defendants was objectively unreasonable in the light of that then clearly established law.  Hare v. City of Corinth, 135 F.3d 320, 325-26 (5th Cir. 1998).

The Kenner Defendants joined by the City of Kenner argue that they are also entitled to qualified immunity under state law.  The same analysis applies with equal force to Plaintiff's state law claims.  See Moresi v. State of Louisiana through Department of Wildlife and Fisheries, 567 So. 2d 1081, 1093 (La. 1990).

**B.   Qualified Immunity Analysis**

Once a defendant raises the defense of qualified immunity, the plaintiff must plead "allegations of act focusing specifically on the conduct of the individual who caused the plaintiffs' injury."  Reyes v. Sazan, 168 F.3d 158, 161 (5th Cir. 1999).

An officer who makes an arrest based upon a warrant issued by a "neutral and detached magistrate" is entitled to qualified immunity if a reasonably competent officer possessing the information that the officer had at the time he swore his affidavit could have concluded that a warrant should issue. Malley v. Briggs, 475 U.S. 335 (1986).

As set forth above, the Kenner Defendants argue that

11

Plaintiff's claims that have as their basis the allegation that Plaintiff was arrested based upon "knowingly false" statements contained in Det. Cunningham's affidavits and claims that Plaintiff was the victim of an unreasonable search in violation of the Fourth Amendment should be dismissed on the plea of qualified immunity rased by all of the Kenner Defendants.

### 1.  Detective Cunningham

The Court first takes up those claims directed to Det. Cunningham, specifically that he omitted information in the application for the search and arrest warrants relevant for the probable cause determination, and as such, the warrant was procured in violation of the Fourth and Fourteenth Amendments. The Fifth Circuit recognized that a police officer is not immune from suit where he obtains a search or arrest warrant recklessly using false information to support his affidavit and where that information is essential to probable cause.  Clark v. Godfrey, No. 01-1329, 2002 WL 31207352 (E.D. La. Oct. 1, 2002).  As such, the Court must determine whether Plaintiff has set forth sufficient facts in his Complaint and Rule 7(a) Reply to allege a constitutional violation.

No mention of Det. Cunningham appears in Plaintiff's Complaint.  In Plaintiff's Rule 7(a) Reply, Plaintiff describes the affidavits sworn to and signed by Det. Cunningham mentioned above, and states that these affidavits contained statements of

which Det. Cunningham had no personal knowledge and "omitted certain material facts, most importantly that the Plaintiff was the duly appointed agent of the Mayor of the City of Kenner with full authority, custody and control over all relief supplies to be distributed in Kenner."

As to Plaintiff's argument that the affidavit was not based upon Cunningham's own personal knowledge, this fact is not fatal to the analysis.  In <u>Franks v. Delaware</u>, the court stated that the requirement that an affidavit be truthful ". . . does not mean 'truthful' in the sense that every fact recited in the warrant affidavit is necessarily correct, for probable cause may be found upon hearsay and upon information from informants, as well as upon information within the affiant's own knowledge that sometimes must be garnished hastily."  438 U.S. 154, 164 (1978). Therefore, the fact that the information contained in the affidavit derived from Sgt. Dent does not equate to a finding that Det. Cunningham's affidavit was misleading.

And regarding the omission of facts, Plaintiff argues that the warrant applications purposefully left out the fact that "Cunningham, and/or other Kenner Police Department officers, was [sic] present at the center on each day of its operation and had never observed nor complained about any theft or malfeasance in the operations of the relief center . . . ."  Plaintiff also states that Cunningham failed to disclose to the Magistrate from

13

whom he sought the search and arrest warrants that he knew

Plaintiff "had complete and sole authority and discretion to

operate the Hurricane Relief Center in the manner he chose."

The Fifth Circuit has held that:

> [O]missions cannot undermine the validity of a warrant
> unless such omissions are "made intentionally or with a
> reckless disregard for the accuracy of the affidavit;
> negligent omissions will not undermine the affidavit" .
> . . . . An unsupported assertion that an affidavit
> contains a misstatement (or an omission) does not give
> rise to the inference that the affiant acted with
> reckless disregard for the accuracy of the information
> presented to the magistrate, particularly where the
> misstated or omitted facts in question are of only
> minor significance to the finding of probable cause.

United States v. Runyan, 290 F.3d 223 (5th Cir. 2002).  Plaintiff

does not dispute the truth of what is contained in the affidavit,

other than his characterization of the September 19, 2005 date

contained therein.  A reading of the affidavit reveals that it

does not state that the events in question took place on

September 19, 2005.  Furthermore, the affidavit does contain the

statement that Plaintiff was "introduced to Sergeant Dent as the

City of Kenner Chief Administrative Officer, and who was in

charge of the distribution site located at 2500 Williams

Boulevard."  Therefore, this Court does not find either of

Plaintiff's arguments attacking the lack of Det. Cunningham's

personal knowledge or misstatements/omissions from the affidavit

sufficient to amount to a reckless provision of information to

support the affidavit.[4]  Therefore, it is not necessary to reach
the next step in the analysis, i.e., whether any false
allegations were pertinent to the issue of probable cause.  As
such, Plaintiff has failed to satisfy his burden to allege a
violation of a clearly established right as to Det. Cunningham,
meaning that Det. Cunningham is entitled to assert the defense of
qualified immunity.

### 2.  Chief Caraway

As to those claims directed to Chief Caraway,[5] Plaintiff's
complaint makes no mention of what conduct Plaintiff alleges
Chief Caraway specifically undertook to violate Plaintiff's
constitutional rights.  The Rule 7(a) Reply gives further detail.
Plaintiff alleges that Caraway shares liability with Cunningham
for the same reasons as set forth above, and also that Caraway
has refused to return to Plaintiff the items owned by Plaintiff
and seized by Defendants.

Unfortunately for Plaintiff, he fails to allege any specific

---

[4]  In particular, Plaintiff's argument that simply because
Det. Cunningham was stationed at the distribution center for two
weeks and did not report any improper conduct is not colorable.
The affidavit was appropriately based on reports from national
guardsmen who witnessed the conduct.

[5] The Kenner Defendants note that Plaintiff has apparently
designated this claim as a Section 1983 claim arising under the
Fourth Amendment.  However, since the claim involves the alleged
deprivation of property, it is not a Fourth Amendment claim, but
could, rather, constitute a Fourteenth Amendment claim.  The
Kenner Defendants also point out that the Rule 7(a) Reply makes
no mention of the Fourteenth Amendment.

facts, not even in the Rule 7(a) Reply, setting forth how any
procedures with regard to the return of seized property
unconstitutionally deprive him of his property rights and/or how
the available procedures were inadequate.[6]  As a result and for
the reasons stated above as to Det. Cunningham, Plaintiff has
failed to has failed to satisfy his burden to allege a
constitutional violation as to Chief Caraway, meaning that
Caraway is entitled to assert the defense of qualified immunity.

### 3.    Officer Deroche

As with Det. Cunningham and Chief Caraway, no mention of the
allegedly unconstitutional conduct of Officer Deroche
specifically is made in Plaintiff's Complaint.  In his Rule 7(a)
Reply, Plaintiff alleges that Deroche

> "participated in the submission of an affidavit in
> support of an application for a warrant to search the
> home of Plaintiff . . . based upon the false assertion
> that a burglary alarm had brought him lawfully onto the
> premises owned by Plaintiff . . . in order to conceal
> and justify trespass upon Plaintiff's property and the
> unreasonable search of his property in violation of the
> Fourth Amendment to the U.S. Constitution."

In support, Plaintiff states that none of Plaintiff's neighbors
heard the burglar alarm sound on September 19, 2005 (the date in
question); records of Plaintiff's alarm company reflect that the
type of alarm which sounded on September 19, 2005 is that which

---

[6]  According to Defendants, Plaintiff simply needs to
schedule an appointment with the Kenner Police Department
Evidence Custodian to retrieve those items that he can identify
as his own property, which he has failed to do up to this point.

16

occurs when someone tests the door by jiggling the knob; and the records of Plaintiff's alarm company reflect notification that police were on the scene within one minute of the initial record of alarm.

In response, the Kenner Defendants point out that Plaintiff's allegations as to the events surrounding the burglar alarm are "all over the map."  Plaintiff's original complaint implies that no burglar alarm sounded, but the Rule 7(a) Reply acknowledges that the records of Plaintiff's alarm company show that some alarm was activated and police were notified.  The Kenner Defendants argue that "any suggestion that the sound of the alarm was a subterfuge to enter the Plaintiff's yard is nothing more than a 'red herring,' since it does not take into account the situation that existed at the time of the inspection."  To explain, the Kenner Defendants state that the inspection of Plaintiff's back yard occurred under circumstances that were "anything but normal," coming as it did three weeks to the day after Hurricane Katrina struck the area.  Therefore, according to the Kenner Defendants, whether the entry into Plaintiff's back yard was in response to a burglar alarm or whether it was because Officer Deroche and Sgt. Dent were patrolling Plaintiff's neighborhood due is beside the point.  The patrolling of neighborhoods was "clearly reasonable" under the conditions that existed on September 19, 2005, and "the entry

17

onto private property was necessary if the homes and property of the citizens who had evacuated in response to Hurricane Katrina or because of the approach of Hurricane Rita were to be protected since many homeowners had either not yet returned or were making plans to leave."

Resolving all doubts in favor of Plaintiff, Plaintiff may have established a possible constitutional violation as to Officer Deroche.  It is not clear to the Court what exactly occurred on September 19, 2005, and whether Deroche "participated in the submission of an affidavit in support of an application for a warrant to search the home of Plaintiff . . . based upon the false assertion that a burglary alarm had brought him lawfully onto the premises owned by Plaintiff."  Even assuming he did, however, because Plaintiff has failed to establish that the conduct of Deroche was objectively unreasonable in the light of clearly established law, which is the second part of the test, Deroche too is entitled to assert the defense of qualified immunity.

For qualified immunity to be surrendered, "pre-existing law must dictate, that is, truly compel (not just suggest or allow or raise a question about), the conclusion for every like-situation, reasonable government agent that what defendant is doing violates federal law in the circumstances."  Sorenson v. Ferrie, 134 F.3d 325, 330 (5th Cir. 1998) (citing Pierce v. Smith, 117 F.3d 866,

18

882 (5th Cir. 1997)).

Under the circumstances present on September 19, 2005, Deroche's entry into Plaintiff's backyard was not objectively unreasonable in light of clearly established law.  Either Deroche looked in the backyard in response to a burglar alarm at the home or he did so as part of a patrol of the neighborhood.  As to the first option, in responding to a burglar alarm, the police can enter the residence itself without a warrant if they reasonably believe a burglary is in progress.  See <u>United States v. Brown</u>, 449 F.3d 741 (6th Cir. 2006).  As the Kenner Defendants point out, an inspection of a back yard in response to a burglar alarm that results in discovery of relief supplies that Plaintiff admits were in "plain view" is clearly less intrusive and reasonable under the Fourth Amendment.  Furthermore, Plaintiff has failed to present the Court with law that holds that a warrant is necessary for such an inspection of a back yard under these facts.

### 4.   Former Chief Congemi

As to those claims directly against former Chief Congemi, Plaintiff alleges both in his Complaint and his Rule 7(a) Reply that Congemi violated his constitutional rights because he "personally directed the use of the Office of the Criminal Court Commissioner to obtain warrants after being refused assistance by the Jefferson Parish District Attorney's Office."  Plaintiff

notes that Congemi "held personal animosity for Plaintiff"
arising out of "previous political contests in which he was
opposed by Plaintiff."

According to Defendants, this allegation is nonsensical,
because in the 24th Judicial District for the State of Louisiana,
it is the job of the Commissioner to "sign and issue search and
arrest warrants," which is precisely what took place here.
Regardless, none of the "facts" alleged as to Congemi amount to a
violation of a clearly established right.  As such, Plaintiff has
failed to satisfy his burden in this regard, meaning that Congemi
is entitled to assert the defense of qualified immunity.

**5.   City of Kenner**

It is well established that a municipality cannot be held
liable under Section 1983 on a respondeat superior theory.  Thus,
in order to state a claim against a municipality, Plaintiff must
set forth facts which, if true, would show that his
constitutional rights were violated as a result of the city's
official policy or custom.  Johnson v. Moore, 958 F.2d 92, 93
(5th Cir. 1992).

As such, Plaintiff argues that the City of Kenner's
liability is direct as a local governmental entity under Monell
v. Department of Social Services, and it enjoys no immunity from
civil suit under Section 1983.  436 U.S. 658 (1978).

However, based on the above analysis, because Plaintiff has

failed to show the violation of a clearly established constitutional right, the City of Kenner is entitled to assert its defense based on qualified immunity.

**C.   Defendants' Motions to Appeal Magistrate's Ruling and Plaintiff's Motion for Contempt of Court**

Based on the foregoing analysis, Defendants' motions to appeal the Magistrate's rulings are now rendered moot.[7]

Additionally, this Court determines that Plaintiff's motion for contempt of court, which has as its basis the fact that Defendants failed to comply with the scheduling order issued on February 15, 2008, ordering Rule 26(a) Disclosures to be exchanged by February 29, 2008, should be denied.  Accordingly,

**IT IS ORDERED** that the Kenner Defendants' **Motion to Dismiss (Rec. Doc. 43)** is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that the Kenner Defendants' **Motion to Appeal Magistrate's Ruling (Rec. Doc. 47)** is hereby **DENIED** as moot.

**IT IS FURTHER ORDERED** that the Kenner Defendants and the

---

[7]   See <u>Schultea</u>, 47 F.3d at 1434 ("The district court may ban discovery at this threshold pleading stage and may limit any necessary discovery to the defense of qualified immunity.  The district court need not allow any discovery unless it finds that plaintiff has supported his claim with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts.  Even if such limited discovery is allowed, at its end, the court can again determine whether the case can proceed and consider any motions for summary judgment under Rule 56.").

21

City of Kenner's **Motion to Dismiss Plaintiff's State Law Claims (Rec. Doc. 51)** is hereby **DENIED** as moot.

IT IS FURTHER ORDERED that Plaintiff's **Motion for Contempt of Court (Rec. Doc. 59)** is hereby **DENIED**.

IT IS FURTHER ORDERED that the Kenner Defendants' **Motion to Appeal Magistrate's Ruling (Rec. Doc. 65)** is hereby **DENIED** as moot.

New Orleans, Louisiana, this 25th day of April, 2008.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE