```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

CEDRIC FLOYD                                    CIVIL ACTION

VERSUS                                          NO: 06-6414

CITY OF KENNER, et. al.                         SECTION: J (5)
```

### ORDER AND REASONS

Before the Court are Defendants' **Motions for Summary Judgment (Rec. Doc. 94 & 95)** as well as Plaintiffs' **Memoranda in Opposition (Rec. Doc. 106 & 107).**

### Procedural History and Background Facts

Plaintiff Floyd filed this suit on September 25, 2006 asserting claims against Defendants Det. Michael Cunningham and Clif DeRoche ("Defendants") as well as the City of Kenner and its former and current Chiefs of Police ("Dismissed Defendants") in connection with Defendants' search of Floyd's property, his arrest under La. R.S. 14:134, and his subsequent suspension without pay.

Following Hurricane Katrina, on September 1, 2005, Plaintiff, the Chief Administrative Officer ("CAO") for the City of Kenner, was appointed to manage a distribution center for hurricane victims located at 2500 Williams Boulevard. Plaintiff alleges that subsequent to and as a consequence of a heated argument between Plaintiff and then-Chief of Police Congemi,

1

Congemi and two national guardsmen made complaints against Plaintiff regarding his management of the distribution center on September 19, 2005.  That same day, Defendant DeRoche and a national guardsman entered onto Plaintiffs' property where they observed relief supplies from the distribution center located in Plaintiff's backyard.  Plaintiff alleges that Defendants intentionally set off Plaintiff's burglary alarm to provide an excuse to enter onto Plaintiff's property; Defendants argue that they went on the property solely in order to respond to the alarm.  Shortly thereafter, on September 20, Det. Cunningham submitted an affidavit, seeking a search warrant.  The warrant was issued on the basis of the Officer DeRoche's observations of relief supplies in Plaintiff's backyard and Det. Cunningham's recitation of complaints of criminal behavior by Plaintiff made by national guardsmen.  Shortly thereafter, an arrest warrant was issued for violation of La. R.S. 14:134.  Plaintiff alleges that all allegations against him as well as Officer DeRoche's entry onto his property were motivated by "political animus" stemming from a "heated debate" between Plaintiff and Congemi.  Plaintiff further alleges that he brought the relief supplies to his home so as to enable certain community members to obtain relief supplies who otherwise could not because those community members could not reach the center during normal operating hours.

   On September 25, 2006, Plaintiff filed suit against the

Defendants (and dismissed Defendants) alleging claims under 42 U.S.C. §§ 1983, 1985 and 1986 and under Louisiana tort law.  On April 25, 2008, this Court dismissed all of Plaintiff's claims (Rec. Doc. 70).  On October 29, 2009, the Fifth Circuit Court of Appeals reviewed this Court's decision only as to Plaintiff's Section 1983 claims (having found that the Section 1985 and Section 1986 claims were waived by virtue of being inadequately pled) and affirmed the dismissal of Plaintiff's claims against all defendants except officers Cunningham and DeRoche (Rec. Doc. 85).  On August 31, 2010, the two remaining Defendants filed two motions for summary judgment.[1]

## The Parties' Arguments

**The Defendants' Arguments**

Defendants argue that they are entitled to qualified immunity and as such, are immune from suit.  In support of this argument, Defendants maintain that the Plaintiff bears the burden to rebut the defense of qualified immunity once it is raised and urges the Court to remember that the "abrogation of qualified immunity is the exception, rather than the rule." Foster v. City of Lake Jackson, 28 F.3d 425, 428 (5th Cir. 1994).  Defendants present a two-part test for determining whether a party is

---

[1] Because this can be resolved on the issue of qualified immunity, the Court does not reach the issues raised in the second Motion for Summary Judgment, dealing with the Release agreement.

entitled to qualified immunity: (1) whether the Plaintiff has sufficiently alleged deprivation of a right secured by the Constitution, and (2) whether the Defendants' conduct was objectively unreasonable in light of the clearly established law at the time of the incident.  Having set out the test, the Defendants only address the second prong, noting that the Fifth Circuit has found Plaintiff to have satisfied the first prong.

With regard to the claims made against DeRoche, the Defendants contend that:

- Plaintiff lacks support for his only claim against DeRoche; namely, that DeRoche intentionally caused Plaintiff's burglar alarm to sound to provide a pretext for searching Plaintiff's property.
- Plaintiff's claims against DeRoche that arose out of DeRoche's entry onto Plaintiff's property on September 19, 2005 have prescribed because this suit was not filed until September 26, 2006, more than one year after the tort alleged.  For this argument, Defendant cites Detro v. Roemer, 739 F.Supp. 303 (E.D. La. 1990).

In support of these arguments, Defendants assert that "there is ample case law that [holds that] in responding to a burglar alarm[,] the police can enter the residence itself without a warrant if they reasonably believe that a burglary is in progress."  As an example, the Defendants refer the Court to U.S.

v. Brown, 449 F.3d 741 (6th Cir. 2006). Rather than suggesting any specific factors which led DeRoche to believe that a burglary was in progress, Defendants urge that a walk around the perimeter of a residence without entry into that residence is a reasonable response to a burglar alarm sounding, particularly when the "looting and unlawfulness that followed Hurricane Katrina" is taken into account. Defendants apparently are relying on the principle that it is the Plaintiff's burden to point to law and facts that show that Defendants acted unreasonably or unnecessarily in order to overcome Defendants assertion of qualified immunity.

With regard to Plaintiff's claims against Cunningham, Defendants argue:

- That under Malley v. Briggs, 475 U.S. 3335 (1986), "an officer who makes an arrest based upon a warrant issued by a 'neutral and detached magistrate' is entitled to qualified immunity if a reasonably competent officer possessing the information that the officer had at the time that he swore his affidavit could have concluded that a warrant should issue."
- That the investigation into Plaintiff's conduct and his subsequent arrest were based upon complaints that Plaintiff appeared to be engaged in illegal activities. Defendants urge that eyewitness accounts are "universally recognized by

> Courts as providing sufficient probable cause for arrest unless the arresting officer has some apparent reason to believe that the account of the eyewitness is mistaken."

- That Plaintiff has not satisfied his burden of showing that Cunningham misled Commissioner Kiff by omitting information in Cunningham's possession that would have impacted the finding of probable cause sufficient to support a warrant.

**The Plaintiff's Arguments**

Plaintiff argues that the Defendants have attached unsworn statements in support of their Motions and that this violates F.R.C.P 56 and as such these unsworn statements should not be considered in disposing Defendants' Motions.

Plaintiff also argues that the search and arrest warrants obtained by Cunningham were "fatally defective" because the dates referred to in the statements relied upon by Cunningham in seeking the warrants were inaccurate and because Cunningham did not adequately corroborate the statements he received.  Regarding corroboration, Plaintiff argues that Cunningham should have corroborated the allegations against Floyd through observation and that he also should have interviewed Kenner City Police officers about these allegations.  Plaintiff lists three people, who all submitted affidavits swearing that they never observed any criminal activity occurring at the Distribution Center.  Finally, Plaintiff refers the court to <u>Hale v. Fish</u>, 899 F.2d 390

(5th Cir. 1990), but does not provide discussion of its applicability.

## Discussion

Summary judgment is appropriate if "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 588 (1986). "Where the movant bears the burden of proof on an affirmative defense such as release, the movant must establish beyond peradventure *all* of the essential elements of the defense to warrant judgment in his favor." <u>Addicks Services, Inc. v. GGP-Bridgeland, LP</u>, 596 F.3d 286, 293 (5th Cir. 2010) (internal citations omitted). Where the party opposing the motion for summary judgment will ultimately bear the burden of proof of an essential element of its case at trial and where, after discovery, that party cannot produce "even a scintilla of evidentiary material in her favor, such a party should not be entitled to put her opponent to trial on the merits by making the bare allegations of notice pleading." <u>Fontenot v. Upjohn Co.</u>,

780 F.2d 1190, 1192 (5th Cir. 1986).

With regard to the defense of qualified immunity, the "general approach to questions of immunity under § 1983 is by now well established." Malley v. Briggs, 475 U.S. 335, 339 (1986). "Qualified immunity entitles a defendant to avoid the burdens of litigation as well as liability." Manis v. Lawson, 585 F.3d 839, 843 (5th Cir. 2009) (citations omitted). "Once a defendant invokes the qualified immunity defense, the plaintiff carries the burden of demonstrating its inapplicability." Club Retro, LLC v. Hilton, 568 F.3d 181, 194 (5th Cir. 2009). In order to carry his burden, the Plaintiff must demonstrate that "(1) [D]efendants' conduct violated a constitutional right and (2) that right was clearly established at the time of the misconduct." Manis, 585 F.3d at 843.

"To be clearly established for purposes of qualified immunity, the contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right." Club Retro, 568 F.3d at 256 (internal citations and alterations omitted). Qualified immunity shields from civil liability "all but the plainly incompetent or those who knowingly violate the law." Malley, 475 U.S. at 371. "To negate a defense of qualified immunity and avoid summary judgment, the plaintiff need not present 'absolute proof,' but must offer more than 'mere allegations.'" Manis, 585 F.3d at 843

(quoting Ontiveros v. City of Rosenberg, Texas, 564 F.3d 379, 382 (5th Cir. 2009)).

Regarding Plaintiff's claims against Defendant DeRoche, Plaintiff has failed to address the merits of DeRoche's qualified immunity defense other than to reassert his allegations that DeRoche was not responding to a burglar alarm when DeRoche entered onto Plaintiff's property. Plaintiff provides no evidence to support this allegation. Furthermore, Plaintiff fails to even mention those claims in his Opposition. Accordingly, Plaintiff has failed to carry his burden regarding DeRoche's qualified immunity defense.

As for Plaintiff's claims against Defendant Cunningham, Plaintiff argues that (1) the unsworn statements of the National Guardsmen should not be considered in ruling on Defendant's motion and (2) that the affidavits for the search and arrest warrants were fatally defective and as such, Defendant is not entitled to qualified immunity. In making this assertion, Plaintiff bears a substantial burden: "Only where the warrant application is so lacking in indicia of probable cause as to render official belief in its existence unreasonable will the shield of immunity be lost." Malley v. Briggs, 475 U.S. 335, 344-45 (1986) (internal citations omitted). Here, the facts asserted in the application for a search warrant included the discovery of what appeared to be relief supplies in the

9

Plaintiff's backyard by Officer DeRoche and the complaints against Plaintiff made by several national guardsmen who had worked at the relief center.  Plaintiff has failed to show how probable cause is lacking here, and consequently has failed to carry his burden to overcome the defense of qualified immunity.

Accordingly, **IT IS ORDERED** that the Defendant's Motion for Summary Judgment (**Rec. Doc. 94)** is **GRANTED.**  Therefore, Defendant's Motion for Summary Judgment (**Rec. Doc. 95)** is moot.

New Orleans, Louisiana, this 14th day of October, 2010.

_____
CARL J. BARBIER
U.S. DISTRICT JUDGE