```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA


CEDRIC FLOYD                              CIVIL ACTION

VERSUS                                    NO: 06-6414

CITY OF KENNER, ET. AL.                   SECTION: J(5)
```

**ORDER AND REASONS**

Before the Court are Defendants Former Chief of Police Nick Congemi, Chief of Police Steve Caraway, Detective Michael Cunningham, and former Kenner Police Officer Cliff Deroche's (the "Kenner Defendants") **Motion for Attorneys' Fees Pursuant to 42 U.S.C. § 1988 (Rec. Doc. 115)** and Plaintiff Cedric Floyd's **Memorandum in Opposition (Rec. Doc. 121)** and **Supplemental Memorandum in Opposition (Rec. Doc. 125).**

**PROCEDURAL HISTORY AND BACKGROUND FACTS**

This action arises out of Plaintiff's handling of supplies after Hurricane Katrina. Plaintiff's Complaint (Rec. Doc. 1) alleges that he was appointed by former Kenner Mayor, Philip L. Capitano, to be the manager of a food and supply distribution center and was responsible for distributing food and supplies to Hurricane Katrina victims. Plaintiff alleges that subsequent to,

1

and as a consequence of, a heated argument between Plaintiff and then-Chief of Police Congemi, Defendant Congemi and two National Guardsmen made complaints on September 19, 2005, against Plaintiff regarding his management of the distribution center. That same day, Defendant Deroche and a National Guardsman entered onto Plaintiff's property where they observed relief supplies from the distribution center located in Plaintiff's backyard. Plaintiff alleges that the two men intentionally set off Plaintiff's burglary alarm to provide an excuse to enter onto Plaintiff's property; Defendant Deroche argues that he was on the property solely in order to respond to the alarm.

On September 20, 2005, Defendant Cunningham submitted an affidavit in order to obtain a search warrant.  A search warrant was issued on the basis of Defendant Deroche's observations of relief supplies in Plaintiff's backyard and Defendant Cunningham's recitation of complaints of Plaintiff's criminal behavior made by National Guardsmen.  Shortly thereafter an arrest warrant was issued, and Plaintiff was arrested. Plaintiff, however, was never formally charged by the Jefferson Parish District Attorney.

Plaintiff alleges that all allegations against him, as well as Defendant Deroche's entry onto his property, were motivated by

political animus stemming from the heated debate between Plaintiff and Defendant Congemi.  Plaintiff further alleges that he brought the relief supplies to his house so as to enable certain community members to obtain supplies who were unable to reach the distribution center during normal operating hours.

On September 25, 2006, Plaintiff filed suit against the Kenner Defendants and alleged claims under 42 U.S.C. § 1983, 1985, and 1986 and under Louisiana tort law.  The Kenner Defendants have all successfully obtained judgments in their favor, thus dismissing all of Plaintiff's claims.  The claims against Defendants Congemi and Caraway were dismissed under Federal Rule of Civil Procedure 12(b)(6) (Rec. Docs. 70 and 71), and the claims against Defendants Cunningham and Deroche were dismissed on summary judgment (Rec. Docs. 113 and 114).  The Kenner Defendants have now filed the instant Motion for Attorneys' Fees Pursuant to 42 U.S.C. § 1988 (Rec. Doc. 115).

## THE PARTIES' ARGUMENTS

In their Motion for Attorneys' Fees Pursuant to 42 U.S.C. § 1988 (Rec. Doc. 115), the Kenner Defendants argue that they are "prevailing parties" in the lawsuit brought by Plaintiff under 42 U.S.C. § 1983 and are entitled to attorneys' fees under 42 U.S.C. § 1988 because Plaintiff's claims were frivolous, unreasonable,

3

or groundless.  The Kenner Defendants state that Plaintiff could not establish a *prime facie* case against Defendants Congemi and Caraway, and discovery documents produced by Defendants Cunningham and Deroche should have clearly communicated to Plaintiff that his claims would not ultimately prevail.  The Kenner Defendants further state that they never made an offer to settle and that the case never proceeded to trial on the merits.  Finally, the Kenner Defendants argue that Plaintiff's claims were purely speculative, and they ask the Court to specifically find that Plaintiff pursued his claims in bad faith.

In his Memorandum in Opposition (Rec. Doc. 121) and Supplemental Memorandum in Opposition (Rec. Doc. 125), Plaintiff argues that the Kenner Defendants are not entitled to attorneys' fees as prevailing parties because Plaintiff's claims were not frivolous, unreasonable, or groundless.  Plaintiff states that the fact that his claims were ultimately unsuccessful is not dispositive and is not a reason in and of itself to award attorneys' fees.  Moreover, his claims were not merely speculative and were pursued in good faith.

## DISCUSSION

Section 1988 states that "[i]n any action or proceeding to enforce a provision of section[] . . . 1983 . . . of this title,

4

. . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee . . . . 42 U.S.C. § 1988(b) (2010). In order for a successful defendant to recover attorneys' fees under Section 1988, the defendant must show that the plaintiff's claim was "frivolous, unreasonable, or groundless." Myers v. City of West Monroe, 211 F.3d 289, 292 (5th Cir. 2000) (quoting Walker v. City of Bogalusa, 168 F.3d 237, 239 (5th Cir. 1999)). When considering whether a suit is frivolous, a district court should consider various factors, including "whether the plaintiff established a *prima facie* case, whether the defendant offered to settle, and whether the court held a full trial." Myers, 211 F.3d at 292. The high standard applied to defendants under Section 1988 is designed to "ensure that plaintiffs with uncertain but arguably meritorious claims are not altogether deterred from initiating litigation by the threat of incurring onerous legal fees should their claims fail." Id. (quoting Aller v. N.Y. Bd. of Elections, 586 F. Supp. 603, 605 (S.D. N.Y. 1984)).

In this case, the Court finds that the Kenner Defendants' arguments are not persuasive enough to award attorneys' fees under Section 1988. Plaintiff was able to establish a plausible *prima facie* case against Defendants Cunningham and Deroche that

5

was later dismissed on summary judgment, and the Court finds that attorneys' fees should not be awarded to these Defendants .  The fact that Plaintiff's claims against Defendants Cunningham and Deroche did not go to trial on the merits does not necessitate a contrary result.  With regard to Plaintiff's claims against Defendants Congemi and Caraway, and without reviewing those claims with the clarity that comes from the benefit of hindsight, the Court cannot say that they were pursued in bad faith even though they were dismissed under Rule 12(b)(6).  Given the need to protect the ability of plaintiffs to initiate litigation without the unnecessary threat of incurring onerous legal fees if their claims fail, the Court exercises its discretion to not award attorneys' fees to the Kenner Defendants in this matter.

Accordingly, **IT IS ORDERED** that the Kenner Defendants' **Motion for Attorneys' Fees Pursuant to 42 U.S.C. § 1988 (Rec. Doc. 115)** is **DENIED**.

New Orleans, Louisiana, this 20th day of January, 2011.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE